IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYAN MAXWELL,

      Petitioner,

v.                                                            Civil Action No. 1:10cv98
                                                                       (Judge Keeley)

JAMES N. CROSS, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

On June 24, 2010, the *pro se* petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. On that same date, he filed a Motion for Leave to Amend the petition, which was granted as a matter of course. In the amended petition, the petitioner asserts that his sentence is unconstitutional pursuant to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) (finding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.) In addition, the petitioner alleges that he is actually innocent of the crimes that were used to enhance his sentence.

### I.   Petitioner's Conviction and Sentence

In March of 1990, the petitioner was indicted in the United States District Court for the Southern District of Texas on one count of possession with intent to distribute in excess of ten grams of methamphetamine in violation of 21 U.S.C. §§ 941(a)(1) and (b)(1)(B). The United States notified the petitioner's attorney of its intent to seek enhanced penalties, pursuant to 21 U.S.C. §

1

851, based on his two prior felony drug convictions. The case went to trial before a jury, and the petitioner was found guilty. Because the sentence was enhanced by his two prior drug convictions, the petitioner's statutory range of imprisonment was ten years to life, pursuant to 21 U.S.C. § 941(b)(1)(B)(viii). In addition, his prior convictions qualified the petitioner as a career offender under the Sentencing Guidelines. This qualification mandated a base offense level of 37 and a criminal history category of VI, which resulted in a guideline range of 360 months to life imprisonment. On October 5, 1990, after reviewing the Presentence Investigation Report ("PSR"), the Court sentenced the petitioner to 420 months in the custody of the Bureau of Prisons followed by eight years supervised release. On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed and noted both that the sentence was not based on any consideration of narcotics suppressed in a prior criminal prosecution and that the Career Offender and enhanced Criminal History Category provisions were properly applied. (See Civil Action No. H-97-1419, United States District Court for the Southern District of Texas)[1]

Thereafter, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, the petitioner argued that he was denied effective assistance of counsel. More specifically, the petitioner alleged that his trial counsel gave him inaccurate advice regarding the guidelines calculation and that appellate counsel failed to raise the issue on appeal. The Motion to Vacate was denied by the trial court upon a finding that the petitioner had failed to establish either deficient performance or prejudice as required for a claim of ineffective assistance of counsel. (Id.) On appeal, the United States Court of Appeals for the Fifth Circuit vacated the order denying relief on the petitioner's claims that his counsel was ineffective regarding his advice

---

[1] Because the petitioner's criminal conviction is so old, documents from that case are not scanned on PACER. However, the Memorandum Opinion in the petitioner's § 2255 petition is scanned and contain the history of his conviction.

2

to reject the plea offer and proceed to trial. Accordingly, the case was remanded for further proceedings. USA v. Maxwell, 192 F.3d 125 (5th Cir. 1999). The trial court then held an evidentiary hearing on April 7, 2000. The petitioner testified as did his trial counsel, and the government prosecutor. During the hearing, the petitioner testified that he was aware that he faced an enhanced sentence of life imprisonment because the government had filed the information about prior convictions. He testified that he received a copy of the information from trial counsel and that the convictions were true. Therefore, the court concluded that the petitioner knew his counsel was wrong when he told him he faced only 14-18 years if he went to trial. In addition, the court found that the petitioner could not show that the sentencing judge would have accepted the plea agreement he alleged the government had proposed. Therefore the court again denied his § 2255 petition with prejudice (See Civil Action No. H-97-1419, United States District Court for the Southern District of Texas).

Sometime later, the petitioner moved for authorization to file a successive 28 U.S.C. § 2255 motion. The petitioner argued that the Supreme Court established new rules of constitutional law in United States v. Shepard, 125 S.Ct. 1254 (2005), and Leocal v. Ashcroft, 125 S.Ct. 377 (2004), which render his sentence unconstitutional. The petitioner also argued that he is actually innocent of his sentencing enhancement status as a career offender. On May 27, 2005, the United States Court of Appeals for the Fifth Circuit denied the petitioner's motion for authorization to file a successive § 2255 motion. (See 4:90-cr-00097, United States District Court for the Southern District of Texas, Doc. 108).

## II. Analysis

In his amended petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "unconstitutional" sentence. Further, according to

the petition, the petitioner HAS applied for post-conviction relief in the sentencing court. Thus, it is clear that the petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, the petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

Furthermore, although the amended petition does not raise the issue, it is clear that he is not entitled to invoke the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

4

There is nothing in the petitioner's amended § 2241 petition which demonstrates that he meets the Jones requirements. To the extent that the petitioner asserts that Apprendi should be applied retroactively to his case, such an argument is expressly foreclosed by the Fourth Circuit's decision in United States v. Sanders, 247 F.3d 139, 146 (4th Cir.), cert. denied, 534 U.S. 1032 (2001) (finding that Apprendi represents a new rule of constitutional criminal procedure which is not retroactive to cases on collateral review). Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's amended § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 30, 2010

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE