IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRYAN MAXWELL,**

    **Petitioner,**

**v.** // **CIVIL ACTION NO. 1:10cv98**
                                        **(Judge Keeley)**

**JAMES N. CROSS, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 10)
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I. PROCEDURAL HISTORY**

On June 30, 2010, United States Magistrate Judge James E. Seibert issued a Report and Recommendation ("R&R") (dkt. 10) that recommended denying this petition filed pursuant to 28 U.S.C. § 2241. Because the pro se petitioner, Bryan Maxwell ("Maxwell"), did not file timely objections to the R&R, the Court entered an order on August 4, 2010, adopting the R&R and dismissing the petition. On August 18, 2010, however, Maxwell filed a motion for leave to file late objections, which the Court granted. After a review of those objections, the Court remains convinced that the R&R correctly concluded that Maxwell is barred from seeking relief under § 2241.

MAXWELL v. CROSS                                              1:10CV98

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

### II. FACTUAL BACKGROUND

As set forth more fully in the R&R, in a 1990 jury trial in the Southern District of Texas, Maxwell was convicted of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 941(a)(1). He was subject to enhanced penalties for two prior felony drug convictions under 21 U.S.C. § 851 and for the amount of drugs in question under 21 U.S.C. § 941(b)(1)(B). He then filed a petition for habeas corpus under 28 U.S.C. § 2255, which was ultimately denied by the trial court in Texas, and sought leave to file a successive § 2255 petition, which that court also denied. His grounds for relief in the attempted second § 2255 petition included that his sentencing enhancement under § 851 was unconstitutional and that he is actually innocent as to that aspect of his conviction.

### III. ANALYSIS

In his petition and objections in this case, Maxwell again asserts that he should not be subject to the enhanced penalties under § 851, as well as under § 941(b)(1)(B), because the amount of drugs and prior convictions in question were not proven pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and that he is actually innocent as to these aspects of his sentence. Because these are all issues he has previously unsuccessfully raised in

2

proceedings in the Southern District of Texas, the Magistrate Judge found that Maxwell is specifically barred from seeking relief under § 2241. Under § 2255(e), a writ of habeas corpus cannot be granted if the sentencing court has already denied relief, unless the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."

Maxwell does not meet the requirements of this "savings clause." Under In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997), the fact that a writ is barred by the successive petition statute does not render the § 2255 remedy "inadequate or ineffective." Maxwell's petition also fails to meet the requirement for a successive petition based on a change in the law. See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001)(Apprendi rule not applicable retroactively on collateral review).

## CONCLUSION

Because Maxwell has already filed two unsuccessful petitions under § 2255, his attempt to obtain the same relief here is inappropriate and barred under § 2241 and § 2255(e). Accordingly, the Court **ADOPTS** the R&R in its entirety, **DENIES** the petition and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

**MAXWELL v. CROSS** 1:10CV98

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to all appropriate agencies, and to the pro se petitioner via certified mail, return receipt requested.

Dated: July 22, 2011.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE